UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROSETTA J. WALKER,**

      **Plaintiff,**

**v.**            **Case No: 6:25-cv-1819-PGB-DCI**

**FIDELITY INSURANCE
AGENCY, INC., THE
GUARDIAN INSURANCE &
ANNUITY COMPANY, INC. and
AARON SANDERSON,**

      **Defendants.**
_____/

<u>**ORDER**</u>

This cause is before the Court on Plaintiff Rosetta J. Walker's (the "**Plaintiff**") Motion to Remand (Doc. 11 (the "**Motion**")). Defendants Fidelity Insurance Agency, Inc., the Guardian Insurance & Annuity Company, Inc., and Aaron Sanderson (collectively, the "**Defendants**") responded in opposition. (Docs. 20, 26). Upon consideration, the Motion is due to be denied.

## I.  BACKGROUND

In this action, Plaintiff brings a series of claims arising from the transfer of funds from one annuity account to another. (Doc 1-7, ¶¶ 8–11). Plaintiff avers that she had a fifteen-year fiduciary relationship with Defendant Fidelity whereby Plaintiff held two annuity accounts that totaled approximately $250,000. (Doc. 1-7, ¶ 8). Plaintiff alleges that, in 2023, Defendant Aaron Sanderson ("**Defendant**

**Sanderson**"), acting on behalf of Defendant Fidelity Insurance Agency, Inc. ("**Fidelity**") and Defendant the Guardian Insurance & Annuity Company, Inc. ("**Guardian**"), initiated "aggressive solicitation" requesting Plaintiff to transfer $115,000 to a Single Premium Immediate Annuity ("**SPIA**"). (*Id.* ¶ 9). Plaintiff avers that, upon transfer to the SPIA, Plaintiff was locked out of her principal for ten years, experienced adverse tax consequences, and experienced a reduction to her heir's inheritance. (*Id.* ¶ 11).

Accordingly, on August 15, 2025, Plaintiff commenced a civil action in state court against Defendants. (Doc. 1, ¶ 1). On September 19, 2025, Plaintiff filed her Amended Complaint against Defendants alleging seven causes of action: (1) breach of fiduciary duty, (2) negligence, (3) vicarious liability as to Fidelity and Guardian for Defendant Sanderson's alleged "unlawful, negligent and/or unsuitable" conduct, (4) negligent misrepresentation and omission, (5) violation of Florida elder abuse and exploitation laws, (6) civil theft, and (7) breach of contract. (Doc. 1-7, ¶¶ 12–37). That same day, Defendants timely removed the case to this Court based on diversity jurisdiction. (Docs. 20, 26).

Plaintiff now moves to remand the case to state court. (Doc. 11). Plaintiff does not challenge that the amount in controversy requirement for establishing diversity jurisdiction is satisfied in her Motion.[1] (*Id.*). Instead, Plaintiff asserts that

---

[1] Accordingly, the Court need not inquire into whether the damages will exceed $75,000 for jurisdictional purposes. In any event, the Court notes that the amount in controversy requirement appears to be satisfied given that Plaintiff alleges damages amounting to at least $115,000, excluding the requested damages, attorney's fees, and costs of suit. (Doc 1-7, ¶ 9; Doc 1-7, p. 8).

the case must be remanded to state court as the parties are not completely diverse. (Doc. 11).

## II.    STANDARD OF REVIEW

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curium). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

In a diversity action, courts must ensure that the citizenship of the parties is completely diverse and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.    DISCUSSION

Federal diversity jurisdiction requires complete diversity between the plaintiffs and the defendants. 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co.*, 427 U.S. at 373. Here, Plaintiff alleges that Defendant Sanderson

is a citizen of Florida (Doc. 11, p. 3). Plaintiff is also a citizen of Florida. (Doc. 1-7, ¶ 2). Accordingly, if the Court were to find that Defendant Sanderson is a citizen of Florida, then diversity jurisdiction would be destroyed and remand would be appropriate. *See* § 1332. However, Plaintiff alleges that a non-resident insurance license is sufficient to establish Defendant Sanderson's citizenship for the purposes of diversity jurisdiction. (Doc. 11, p. 3). The Court disagrees.

Citizenship is determined by two elements: the individual's residency in a state and the individual's intent to remain in that state. *Smith v. Marcus & Milichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick*, 293 F.3d at 1257; *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (noting that an individual is a citizen of the state where the individual is domiciled). While residency in the state is necessary, it alone cannot establish citizenship in the state. *Travaglio*, 735 F.3d at 1269.  In determining citizenship, the Eleventh Circuit looks to several factors, including: "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent." *Smith*, 991 F.3d at 1149. When determining citizenship for diversity jurisdiction, courts consider the totality of the circumstances. *Bal Harbour Shops, LLC v. Saks Fifth Ave., LLC*, 645 F. Supp. 3d 1321, 1327 (S.D. Fla. 2022).

Further, when removing a case to federal court, the removing defendant bears the burden of establishing the citizenship of the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001). The Eleventh Circuit allows a district court to consider "post-removal evidence" as to such citizenship if applicable at the time the case was removed. *Sierminski*, 216 F.3d at 949.

Here, Defendant Sanderson meets at least seven of the *Smith* factors in favor of citizenship in Utah. *See* 991 F.3d at 1149. In support of Defendant Sanderson's Utah citizenship, Defendants have filed a Declaration (Doc. 1-6 (the "**First Sanderson Declaration**")) wherein Defendant Sanderson affirms that he has a residential lease in Utah, he banks in Utah, he is a W-2 employee in Utah, he pays state taxes in Utah, he is registered to vote in Utah, his driver's license was issued in Utah, and he intends to remain in Utah indefinitely. (*Id.* ¶¶ 3, 6, 5, 7, 4, 10). Defendants then filed a second Declaration (Doc. 26-1 (the "**Second Sanderson Declaration**")), post-removal, which further established that Defendant Sanderson held a "non-resident" insurance license in Florida. (*Id.* ¶ 9). The Second Sanderson Declaration further makes the distinction that Defendant Sanderson holds a "resident" insurance license in Utah. (*Id.* ¶ 8).

Plaintiff concludes in her Motion that Defendant Sanderson is a "Florida citizen, licensed and working in Jacksonville . . . ." (Doc. 11, p. 3). The license Plaintiff appears to be referring to is the non-resident insurance license. (Doc. 26-1, ¶ 9). In response, through the Second Sanderson Declaration, Defendants clarify that the insurance license at issue was that of a "non-resident" license and that

Defendant Sanderson has a "resident" insurance license in Utah as well. (*Id.* ¶¶ 8– 9). Even if a non-resident insurance license qualified as a factor weighing in favor of Defendant Sanderson's citizenship in Florida, the Court finds that, considering the totality of the circumstances, it is outweighed by the other *Smith* factors. *See* 991 F.3d at 1149; *Bal Harbour Shops*, 645 F. Supp. 3d at 1327. Additionally, since the "post-removal evidence" only further clarifies the citizenship of Defendant Sanderson, it was applicable at the time the case was initially removed, so the Court may properly rely on it as evidence that Defendant Sanderson is not a resident of Florida. *See Sierminski*, 216 F.3d at 949.

Finally, while Defendants allege fraudulent joinder of Defendant Sanderson to defeat diversity jurisdiction, the Court need not discuss this issue as Defendants have established that Defendant Sanderson is a citizen of the State of Utah for the purpose of diversity jurisdiction. (Doc. 20, p. 4 n.2).

Therefore, the Court has diversity jurisdiction over the instant case and the Motion will be denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 21, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties